NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

INA ANN RODMAN,

Plaintiff-Appellant,

v.

OTSUKA AMERICA
PHARMACEUTICAL, INC.,

Defendant-Appellee.

No.    20-16646

D.C. No. 3:18-cv-03732-WHO

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted November 17, 2021
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Ina Rodman appeals from the district court's grant of summary judgment to

Otsuka America Pharmaceutical, Inc., in this product-liability action. Rodman

alleges that Otsuka's antipsychotic drug Abilify caused her to develop tardive

dyskinesia (TD). Rodman sued Otsuka under a failure-to-warn theory, contending

that although the Abilify label discussed the risk of TD, it underreported the actual

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

incidence rate. The district court excluded the testimony of Rodman's expert witness, Dr. Laura Plunkett, as unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), and then granted Otsuka summary judgment because, without that testimony, Rodman offered no evidence to support her claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's evidentiary rulings for abuse of discretion. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002). We review the district court's grant of summary judgment de novo, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), and may affirm on any ground supported by the record, *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 748 (9th Cir. 2012).

1. The district court did not abuse its discretion in excluding Dr. Plunkett's testimony. Federal Rule of Evidence 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Regardless of an expert's credentials, where "there is simply too great an analytical gap between the data and the opinion proffered," a court cannot permit the expert to testify. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Abilify label reported that between 0.1 and 1 percent of participants developed TD during short-duration, premarketing clinical trials. Regardless of

2

whether that figure represented an incidence rate, Dr. Plunkett failed to produce a comparable incidence rate with which to dispute the label's rate. An incidence rate is the ratio of the number of Abilify users who developed TD to the total number of Abilify users. As Dr. Plunkett conceded, neither the study nor the data set on which she relied calculated an incidence rate or reported the total number of Abilify users—the necessary denominator in a calculation of an incidence rate. Because Dr. Plunkett did not have reliable evidence to support her opinion, the district court appropriately excluded her testimony under *Daubert*.

2.     The district court did not err in granting summary judgment. As part of her claim, Rodman had to show that Otsuka failed to warn of a risk "known or scientifically knowable at the time of the drug's distribution." *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1238 (9th Cir. 2017).

Lacking evidence of label inadequacy without Dr. Plunkett's testimony, Rodman argues that a 2018 study authored by Otsuka's expert, Dr. Christoph Correll, establishes a genuine issue of material fact because it allegedly reports a TD incidence rate of 1.7 percent for Abilify. The district court concluded that Rodman did not clearly advance that argument until her motion for reconsideration, so it was therefore untimely. We agree that Rodman did not sufficiently raise this argument to the district court, which was not required to "comb the record to find some reason to deny a motion for summary judgment."

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1209 (9th Cir. 2001). Even considering the argument on its merits, Rodman provides no evidence that the figure in Dr. Correll's study proves that a higher incidence rate of TD was "scientifically knowable" to Otsuka during the time Rodman took Abilify. *Wendell*, 858 F.3d at 1238. Without Dr. Plunkett's testimony, and with no other available evidence, Rodman did not establish a genuine issue of material fact.

**AFFIRMED.**